UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos D. Robinson, *a/k/a Carlos Demond Robinson*, | ) C/A No. 9:15-2344-JFA-BM ) ) |
| Petitioner, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| Linda Thomas, Warden, | ) ) |
| Respondent. | ) ) ) |

The Petitioner, Carlos D. Robinson, also known as Carlos Demond Robinson, filed this action pro se, seeking habeas relief. He brings his application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings in the United States District Court,[1] the Anti–Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

---

[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].



Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner is a federal prisoner at FCI-Edgefield. On May 26, 2004, a jury found Petitioner guilty of one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; two counts of possession of cocaine and aiding and abetting in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C); two counts of possession and use of a firearm in furtherance of a drug crime and aiding and abetting in violation of 18 U.S.C. §§ 2, 924(c)(1); and two counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The court sentenced Petitioner to 960 months imprisonment on June 18, 2007,[2] which was affirmed on direct appeal in February 2008, United States v. Robinson, 264 F. App'x 332 (4th Cir. 2008). Petitioner's motion to vacate, correct, or set aside under 28 U.S.C.

---

[2] Petitioner initially was sentenced on December 17, 2004, but the Fourth Circuit remanded the case for resentencing under the advisory sentencing guidelines pursuant to United States v. Booker, 543 U.S. 220 (2005). On remand, the court again imposed a 960-month term of imprisonment.

2



§ 2255 was denied in October 2008, United States v. Robinson, Cr. No. 6:03-616-HMH, 2008 WL 4833015 (October 27, 2008), and the Fourth Circuit dismissed his appeal, United States v. Robinson, 350 F. App'x 837 (4th Cir. 2009). On August 5, 2010, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60, which the district court denied, United States v. Robinson, Cr. No. 6:03-616-HMH (D.S.C. Aug. 11, 2010), and the Fourth Circuit dismissed his appeal, explaining that Petitioner's Rule 60 motion directly attacked his convictions and therefore was an unauthorized and successive § 2255 motion. United States v. Robinson, No. 10-7197, 416 F. App'x 317 (4th Cir. 2011). Another § 2255 motion filed by Petitioner was also denied. See United States v. Robinson, No. 15–6261, 609 F. App'x 764 (4th Cir. 2015).[3]

Petitioner's asserted grounds for relief in this § 2241 Petition are (1) Fourth Amendment violation, (2) Sixth Amendment violation, (3) Due Process violation, and (4) violation of the Ex Post Facto Clause. He contends that his sentence exceeds the maximum allowed by law. Citing United States v. Rodriguez, 135 S.Ct. 1609 (4th Cir. 2015), Petitioner also argues that the duration of the traffic stop which lead to his arrest was unconstitutionally extended (for a "dog sniff"). Id. at 1612 ["We hold that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures. A seizure justified only by a police-observed traffic violation, therefore, 'become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission' of issuing a ticket for the violation."](citing Illinois v. Caballes, 543 U.S. 405, 407 (2005). However, "[i]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and

---

[3]Petitioner also previously filed a § 2241 Petition, which was transferred to the United States District Court for the Eastern District of Kentucky (where Petitioner was incarcerated at that time). See Robinson v. United States, No. 9:12-2924-JFA-BM, 2013 WL 85164 (D.S.C. Jan. 8, 2013).

3



sentences through § 2255," not by filing a § 2241 petition. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also United States v. Surratt, 797 F.3d 240, 246 (4th Cir. 2015) ["Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."]. A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5.

A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Surratt, 797 F.3d at 247 ["If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position."](quoting Rice, 617 F.3d at 807)).[4]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

---

[4] Petitioner complains that he has been unsuccessful in seeking relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted); see also Surratt, 797 F.3d at 252.

4



> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Surratt, 797 F.3d at 247 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Surratt, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) [finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241]; Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013)[holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause].  As noted by the Supreme Court, actual innocence "means factual innocence, not mere legal insufficiency." Surratt, 797 F.3d at 250 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

In this case, Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion.  Instead, Petitioner challenges the legal classification of a predicate offense used to enhance his sentence, which "constitutes the sort of argument . . . deemed insufficient" by the Fourth Circuit to trigger relief under the savings clause.  Surratt, 797 F.3d at 250.  As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Petition is subject to summary dismissal. Surratt, 797 F.3d at 268.

5



To the extent Petitioner asserts that § 2241 relief should be available to challenge a sentence imposed above the statutory maximum, the Fourth Circuit specifically declined to decide that issue in Surratt and did not overrule Fourth Circuit precedent holding that a petitioner cannot use the savings clause to challenge his sentence. Surratt, 649 F.3d at 269; cf. Poole, 531 F.3d at 267 n.7.

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 12, 2015
Charleston, South Carolina



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

